<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XI</td></tr>
<tr>
<td>JEANNETTE TORRES<br><br>RECURRIDA<br><br>V.<br><br>AMBITIOUS CORP.<br><br>PETICIONARIOS</td>
<td>KLCE202400448</td>
<td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sala:805<br><br>Civil Núm.: SJ2024CV02113<br><br>Sobre:<br><br>Procedimiento Sumario Bajo Ley Núm. 2, Daños, Ley de Salario Mínimo, Vacaciones y Enfermedad, Ley de Represalia en el Empleo (Ley Núm. 115-1991), Despido Injustificado (Ley Núm. 80)</td>
</tr>
</table>

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de abril de 2024.

Comparece, Ambitious Corp (en lo sucesivo "la parte peticionaria"). Ello, mediante el recurso de *certiorari* de epígrafe. Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida y notificada el 8 de abril de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante la referida determinación, el tribunal de instancia declaró *No Ha Lugar* la "*Moción de Conversión de Procedimiento al Trámite Ordinario*," presentada por la parte peticionaria. Todo, dentro de un pleito sumario al amparo de la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 et. seq, entablado por Jeanette Torres Torres (en adelante, "la recurrida").

Por los fundamentos que expondremos, *denegamos* la expedición del presente auto de *certiorari*, y declaramos *No Ha Lugar* la "*Moción en

*auxilio de jurisdicción para que se paralicen los procedimientos mientras se dilucida la petición de certiorari*," ambos presentados por la parte peticionaria.

**I.**

El 1 de marzo de 2024, la recurrida, presentó ante el tribunal de instancia un escrito intitulado "*Querella.*" Ello, bajo el procedimieno sumario establecido en la Ley de Procedimiento Sumario de Reclamaciones Laborales, *supra*. Mediante dicho escrito expresó, que el 30 de mayo de 2022, comenzó a trabajar como Oficinista de Facturación y Cobro para la parte peticionaria. Expresó, que posteriormente fue ascendida al puesto de Gerente de Finanzas y Asistente Personal del CEO de dicha parte. Así las cosas, sostuvo que en junio de 2022 le indicó a la parte peticionaria que estaba incumpliendo con una serie de permisos gubernamentales, los cuales eran necesarios para operar legalmente su empresa. A raíz de dicha indicación, según arguyó, empezó a enfrentar un patrón de represalias. Acto seguido, alegó que fue despedida por suspuestas razones económicas de la empresa.

A la luz de lo anterior, entabló cuatro causas de acción en contra de la parte peticionaria. Mediante las cuales solicitó los siguientes remedios: una suma no menor de $500,000.00 enconcepto de indemnización por represalias, al amparo de la Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial, Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, 29 LPRA, sec. 194 et. seq; $240.00 en concepto de salarios dejados de devengar; y $8,400.00 en concepto de pago por mesada, a tenor de la Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA, sec. 185a et. seq. Además, peticionó que se declarara que laboró para la parte peticionaria en calidad de empleada. Consecuentemente, se le efectuaran la debidas aportaciones de seguro social y Medicare por la cantidad de $3,855.60; se le remitiera la Forma

W-2 para los años 2022 y 2023; y se le ordenara a la parte peticionaria pagar cualquier penalidad que pueda establecer el Departamento de Hacienda, el Servicio de Impuestos Internos ( "IRS," por sus siglas en inglés) y Medicare.

En respuesta, el 18 de marzo de 2024, la parte peticionaria presentó "*Contestación a la Querella.*" En síntesis, aceptó que le realizó una oferta de empleo a la recurrida y que esta estuvo trabajando para sus instalaciones. Asimismo, admitió que la recurrida fue despedida. Empero, contrario a la aducido por la recurrida, sostuvo que la razón del despedido se debió a que la recurrida había retenido dinero en efectivo y alterado documentos para ocultar tal actuación. Por lo cual, arguyó que el despido en cuestión fue uno justificado. En virtud de lo expuesto, solicitó al foro recurrido que declara *No Ha Lugar* la "*Querella"* presentada.

Así las cosas, el 20 de marzo de 2024, el foro recurrido notificó una "*Orden.*" Mediante esta, señaló una "*Conferencia con Antelación a Juicio y Vista Transaccional*" para el día 7 de agosto de 2024. Asimismo, ordenó como fecha limite de descubrimiento de prueba el día 3 de junio de 2024.

Posteriormente, el 22 de marzo de 2024, la parte peticionaria presentó una "*Moción de Conversión de Procedimiento al Trámite Ordinario.*" En apretada síntesis argumentó, que la recurrida presentó una serie de causas de acción sobre daños y perjuicios, lo cual es incompatible con el trámite sumario que establece la Ley de Procedimiento Sumario de Reclamaciones Laborales, *supra*. A la luz de ello, solicitó al foro recurrido que covirtiera el caso en uno de naturaleza ordinaria.

En la misma fecha, la recurrida presentó "*Oposición a moción solicitando la conversión al procedimiento sumario.*" Sostuvo, que la solicitud de la parte peticionaria no era una justificada. Ello, dado que, la Ley de Procedimiento Sumario de Reclamaciones Laborales, *supra*, no se limita a causas de acción de naturaleza salarial. Cónsono con ello, argumentó que no trastoca el propósito de la referida ley que se

adjudiquen por la vía sumaria casos que involucren cuestiones relacionadas a daños y perjuicios. En virtud de ello, solicitó al foro recurrido que continuara el trámite de los procedimientos por la vía sumaria.

En atención a los escritos presentados, el 8 de abril de 2024, el foro recurrido notificó una "*Orden.*" Mediante esta, declaró *No Ha Lugar* la "*Moción de Conversión de Procedimiento al Trámite Ordinario,*" presentada por la parte peticionaria.

En desacuerdo, el 18 de abril de 2024, la parte peticionaria presentó el auto de *certiorari* que nos ocupa. En dicho escrito, esbozó el siguiente señalamiento de error:

**A. El T.P.I. cometió un craso error de derecho y abuso de discreción al negarse a convertir el caso al procedimiento ordinario.**

En la misma fecha, la parte peticionaria presentó una "*Moción en auxilio de jurisdicción para que se paralicen los procedimientos mientras se dilucida la petición de certiorari.*" A través de dicho escrito peticionó, que se paralizaran los procedimientos que se están ventilando ante el foro recurrido. Esto, hasta que atendamos el recurso de *certiorari* presentado, para así evitar que sus solicitudes se tornen académicas.

**II.**

A. *Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera Gómez v. Arcos Dorados Puerto Rico*, 2023 TSPR 65, 212 DPR ____; *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del certiorari "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de

Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. Íd.; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G**. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de certiorari y ejercer nuestra función revisora.

**III.**

Mediante el auto de *certiorari*, la parte peticionaria, señala que el foro recurrido cometió abuso de discreción al no acoger su solicitud sobre convertir el proceso de naturaleza sumaria a uno ordinario. Además, por medio de la "*Moción en auxilio de jurisdicción para que se paralicen los procedimientos mientras se dilucida la petición de certiorari*," nos

peticionó que paralizaramos los procedimientos mientras atendíamos el recurso de *certiorari* presentado.

Luego de examinar en su totalidad el auto de *certiorari* y la solicitud sobre auxilio de jurisdicción, determinamos denegar ambos petitorios. A tenor del cuidadoso análisis que debemos realizar al amparo de la Regla 40, *supra*, concluimos que no existen razones para la expedición del presente recurso de *certiorari*. Entendemos, que el foro recurrido actuó conforme a la discreción judicial que le asiste en asuntos como el presente. La actuación del foro recurrido está dentro de sus facultades en cuanto al manejo de caso y la flexibilidad de los procedimientos en cuestión. Así pues, no se desprende que dicho foro al ejercer sus facultades adjudicativas haya cometido prejuicio o parcialidad. De igual modo, su decisión no trastoca los límites de una sana discreción ni constituye algún error de derecho. Ante ello, es forzoso concluir que no existen criterios para expedir el presente auto ni para paralizar los procedimientos que se ventilan ante el foro recurrido.

**IV.**

Por los fundamentos expuestos denegamos, la expedición del presente recurso y declaramos *No Ha Lugar* la "*Moción en auxilio de jurisdicción para que se paralicen los procedimientos mientras se dilucida la petición de certiorari*," ambos presentados por la parte peticionaria.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones